United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Manuben Patel,<br>d.b.a., Best Western Torch-Lite Inn<br><br>　　　　　　Plaintiff,<br>　　v.<br><br>Best Western International, Inc.,<br><br>　　　　　　Defendant.<br>_____/ | NO. C 07-02319 JW<br><br>**ORDER FOLLOWING CASE MANAGEMENT CONFERENCE** |

　　　　The Court conducted a case management conference on March 24, 2008. The parties raised issues regarding whether discovery should be coordinated between this action and a related action filed by Defendant Best Western International Inc. ("Best Western") against Plaintiff Manuben Patel in the District of Arizona ("Arizona Action"). Defendant contends that discovery in this case should be stayed pending a resolution in the Arizona Action. Plaintiff contends it is entitled to discovery in this case because it is a separate action with different remedies. Notwithstanding a previous Order denying transfer of venue to Arizona, the Court expressed its concern for having two actions pending which concerned the same contractual relationship between the parties. (See Docket Item No. 61.)

　　　　On its own motion, the Court consulted with Judge Broomfield who is the presiding Judge in the Arizona Action. After consulting with Judge Broomfield, the Court is reconsidering whether this case should be transferred to Arizona under the "first to file" rule. The principal issue affecting the transfer is whether the California Franchise Law ("CFL") applies to the contract between the

parties. Upon review of the orders issued in the Arizona Action, it is the Court's understanding that no adjudication has been made in the Arizona Action regarding the applicability of the CFL to the agreement between the parties. Indeed, no court has determined whether Best Western qualifies for the franchisee exemption under the CFL. The determination of that issue would have significant weight in deciding whether to reconsider the Order denying Defendant's motion to transfer.

To expedite the adjudication of that issue, the Court VACATES the case schedule dictated at the case management conference. Instead, the Court invites cross-motions for summary adjudication regarding the applicability of California Franchise Law to Best Western. The parties may conduct any discovery relating to the issue of whether Best Western qualifies for an exemption under the CFL. All other discovery is stayed pending the resolution of the cross-motions for summary judgment. The Court refers the parties to the assigned Magistrate Judge to resolve any dispute over the scope of discovery consistent with this Order.

The parties shall adhere to the following briefing schedule:

(1) Cross-Motions for Summary Judgment shall be filed and served on or before **June 2, 2008;**

(2) Oppositions, if any, shall be filed and served on or before **June 16, 2008**;

(3) Replies, if any, shall be filed and served on or before **June 23, 2008**.

The hearing on the Cross-Motions for Summary Judgment is set for **July 7, 2008 at 9 a.m.** The parties may not stipulate to a different briefing schedule.

Dated: March 27, 2008

JAMES WARE
United States District Judge

2

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Allison L. Harvey allison.harvey@dlapiper.com
Antony E. Buchignani antony.buchignani@dlapiper.com
Charles Joseph Stiegler cstiegler@gormanmiller.com
Cynthia A. Ricketts cindy.ricketts@dlapiper.com
Mitchell Kassoff franchiselawyer@verizon.net
Rachel Elizabeth King Lowe rachel.lowe@dlapiper.com
Reid Paul Schantz rps.esq@sasquatch.com

Dated: March 27, 2008                                Richard W. Wieking, Clerk

By:   /s/ JW Chambers
      **Elizabeth Garcia**
      **Courtroom Deputy**

**United States District Court**
For the Northern District of California